# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABRAM MAJOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-353** |
| **DEPUTY WARDEN ANTHONY BATSON** | **SECTION "R"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Abram Major, is currently housed in the St. Tammany Work Release Program in Slidell, Louisiana.[2] Major was charged by bill of information in Orleans Parish on June 27, 2007, with possession of a firearm having been previously convicted of a felony.[3] The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as follows:

> On April 26, 2007, at approximately 10:00 p.m., three New Orleans Police Department ("NOPD") officers-Michael Pierce, Devin Joseph, and Kory McKain-were on patrol together. The trio was riding together in a marked patrol car when they observed a gray Mustang run a red light at the intersection of Dumaine and North Miro Streets. Officer Pierce, who was driving the patrol car, initiated a traffic stop of the Mustang. All three officers exited their vehicle and approached the Mustang. Officer Pierce approached the driver's side, Officer McKain (who was riding in the passenger seat of the patrol car) approached on the passenger side, and Officer Joseph (who was riding in the back seat of the patrol car) approached the rear.
> Officer Pierce testified that, as he approached the driver's side of the Mustang, the driver (later determined to be Mr. Major) leaned over and reached down under his seat. Officer Pierce then peered inside the vehicle and spotted the butt of a handgun protruding from beneath the driver's seat. He alerted the other officers of the gun and ordered Mr. Major and his passenger, Hawuanda Campbell, to exit the car. Mr. Major and Ms. Campbell complied.
> Officer Pierce placed Mr. Major at the front of the Mustang, and Officer McKain approached Ms. Campbell. Officer McKain ran Mr. Major's name through the police computer and learned that Mr. Major had a suspended driver's license and was on parole for his prior convictions of

---

[2]Rec. Doc. No. 12.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 6/27/07.

possession with intent to distribute cocaine and being armed with weapon while in possession of narcotics. Officer Joseph removed the gun, which was in plain view, from the driver's side floorboard and unloaded it. Officer Pierce placed Mr. Major under arrest and read him his Miranda rights. According to Officer Pierce, Mr. Major made no statements regarding the incident, but he did tell Officer Pierce that the car he was driving belonged to his friend.

The officers transported Mr. Major to central lockup where they logged in the weapon and ammunition with Central Evidence and Property. Ms. Campbell was released.

Neither Officer Pierce nor Officer Joseph spoke with Ms. Campbell. Officer McKain interviewed Ms. Campbell. Officer McKain did not testify at trial. Officer Joseph testified corroborating Officer Pierce's testimony. He also made an in court identification of Mr. Major and the gun that he retrieved from under the driver's seat of the car Mr. Major was driving.

The State and the defense stipulated that on September 24, 2004, Mr. Major pled guilty to possession with the intent to distribute cocaine in case number 444-868, section "B" of Orleans Parish Criminal District Court.

The sole defense witness was Ms. Campbell. She testified that on the date Mr. Major was arrested, April 26, 2007, she was staying at the Crystal Inn on Tulane Avenue. She had moved out of her house in Algiers and had been staying at the hotel for about two and a half weeks. According to Ms. Campbell, Mr. Major also was apparently staying at the hotel. She testified that she did not really know him and that she had just said hello to him a few times. Ms[.] Campbell testified that on April 26, 2007, she had an emergency and needed to go to her house in Algiers to pick up her son. She asked Mr. Major if he could give her a ride, and he agreed. En route, they were stopped by the police for a traffic violation. She testified that Mr. Major was unaware that she had a gun in her purse that night. Ms. Campbell denied that the gun was visible on the floorboard of the car that night. Rather, she testified that the gun was in her closed purse, which was situated near her feet on the passenger side of the vehicle. Ms. Campbell testified the gun did not leave her purse until one of the officers removed her purse from the vehicle and looked through her purse without her permission.

On May 1, 2007, shortly after Mr. Major's arrest, Ms. Campbell submitted a notarized statement, labeled "Affidavit of Ownership," to the district attorney's office in which she attested as follows:

3

> "That I am the owner of one 9 mm High Point, Serial # 1324556, purchased from Elliot's Gun Shop, located at 3008 Jefferson Highway, Jefferson, Louisiana. The above described hand gun was in my purse when we were stopped by the New Orleans Police. Mr. Abram Major had no knowledge of me having this gun in my purse at the time we were stopped."
>
> At trial, the receipt and registration paper for the gun bearing Ms. Campbell's name and dated March 19, 2007, were also introduced. Although Ms. Campbell testified that she purchased the gun for protection, she acknowledged that she had never taken lessons on using the gun. She also acknowledged that her husband had loaded the gun for her and that she did not have a permit to carry a concealed weapon.

State v. Major, 1 So.3d 715, 717-19 (La. App. 4th Cir. 2008); State Record Volume 2 of 4, Louisiana Fourth Circuit Court of Appeal Opinion, 2008-KA-0861, pages 2-4, December 10, 2008.

Major was tried before a jury on February 27, 2008, and was found guilty as charged.[4] On March 28, 2008, the state trial court denied Major's motions for new trial, for post-verdict judgment of acquittal and to reconsider the sentence.[5] The court also

---

[4] St. Rec. Vol. 1 of 4, Trial Minutes, 2/27/08; St. Rec. Vol. 2 of 4, Trial Transcript, 2/27/08.

[5] St. Rec. Vol. 1 of 4, Sentencing Minutes, 3/28/08; Motion to Reconsider Sentence, 3/28/08; Trial Court Order, 3/28/08; Motion for New Trial, 3/38/08; Trial Court Order (2), 3/28/08; Motion for Post-Verdict Judgment of Acquittal, 3/28/08; Trial Court Order (3), 3/28/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/28/08.

sentenced Major that same day to serve 15 years in prison at hard labor without benefit of parole, probation or suspension of sentence.[6]

On direct appeal, Major's counsel raised two errors:[7] (1) The evidence was insufficient to prove knowledge, dominion or control. (2) The sentence was excessive. Major pro se filed a supplemental brief raising the following errors:[8] (1) The evidence was insufficient to prove guilt beyond a reasonable doubt. (2) The state trial court erred in not presenting an expert in fingerprint analysis to testify or present certified documents to prove identity. (3) The bill of information was defective. (4) His counsel provided ineffective assistance.

On December 10, 2008, the Louisiana Fourth Circuit affirmed the conviction and sentence, finding no merit in the issues raised.[9] On September 25, 2009, the Louisiana Supreme Court denied without stated reasons the related writ application filed by Major's counsel.[10]

---

[6]St. Rec. Vol. 1 of 4, Sentencing Minutes, 3/28/08; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/28/08.

[7]St. Rec. Vol. 2 of 4, Appeal Brief, 2008-KA-0861, 7/24/08.

[8]St. Rec. Vol. 2 of 4, Supplemental Brief, 08-KA-0861, 7/28/08.

[9]State v. Major, 1 So.3d at 715; St. Rec. Vol. 2 of 4, 4th Cir. Opinion, 2008-KA-0861, 12/10/08.

[10]State v. Major, 18 So.3d 81 (La. 2009); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2009-K-0049, 9/25/09; La. S. Ct. Writ Application, 09-K-049, 1/9/09; St. Rec. Vol. 1 of 4, La. S. Ct. Letter, 2009-K-49, 1/9/09 (showing filing by hand delivery).

Major's conviction became final 90 days later, on December 24, 2009, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

Almost fourteen months later, on February 14, 2011, Major submitted an application for post-conviction relief which was file-stamped by the state trial court on February 24, 2011.[11] Major alleged that he was denied effective assistance of counsel when his trial counsel failed to (a) subpoena Officer Kory McKain, (b) investigate and prepare the case, and (c) file a writ application to the Louisiana Fourth Circuit upon denial of his motions to suppress evidence, for new trial and for post-judgment verdict of acquittal. On March 16, 2011, the state trial court denied the application, finding that Major's claims were not supported by the record, citing La. Code Crim. P. art. 930.2.[12]

Major sought timely review of this order in the Louisiana Fourth Circuit, and the Court denied the application on May 3, 2011, finding no error in the trial court's

---

[11]St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, 2/24/11 (dated 2/14/11).

[12]St. Rec. Vol. 1 of 4, Trial Court Judgment, 3/16/11.

6

judgment.[13] The Louisiana Supreme Court also denied Major's related writ application without stated reasons on November 23, 2011.[14]

## II. FEDERAL HABEAS PETITION

More than two months later, on February 2, 2012, the clerk of this court filed Major's petition for federal habeas corpus relief in which he alleges that he was denied effective assistance of counsel when his counsel failed to (a) subpoena Officer McKain, (b) investigate and prepare a defense and (c) file a writ of review with the Louisiana Fourth Circuit upon denial of his motions to suppress evidence, for new trial and for post-verdict judgment of acquittal.[15]

The State filed a response in opposition to Major's petition arguing that his petition was not timely filed under federal law and that he is not entitled to equitable tolling.[16] The State urges that the petition must be dismissed as untimely.

---

[13]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2011-K-0506, 5/3/11; 4th Cir. Writ Application, 2011-K-0506, 4/18/11 (dated 4/12/11).

[14]State ex rel. Major v. State, 76 So.3d 1152 (La. 2011); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2011-KH-1127, 11/23/11; La. S. Ct. Writ Application, 11-KH-1127, 6/2/11 (dated 5/28/11).

[15]Rec. Doc. No. 1, pp. 3-6.

[16]Rec. Doc. Nos. 11.

7

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[17] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Major's petition, which, for reasons discussed below, is deemed filed in this federal court on December 19, 2011.[18]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and

---

[17] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[18] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Major's petition was filed by the clerk of this court on February 2, 2012, when the filing fee was received. Major's signature on the petition was dated December 19, 2011. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State correctly concludes and I find that Major's federal petition was not timely filed in this court under the AEDPA and should be dismissed for that reason.

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[19] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). In this case, Major's conviction was final on Thursday, December 24, 2009. Thus, under a literal application of the statute, Major had one year from the

---

[19]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

9

date his conviction became final, or until Monday, December 27, 2010,[20] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

---

[20]The State calculates this date to be Monday, December 27, 2010, without explanation. Under both state law and the rules of this federal court, when Christmas Day, December 25, falls on a Saturday, the preceding Friday, December 24, becomes the observed legal holiday. La. Rev. Stat. Ann. §§ 1:55(A), (E)(1)(a)(i); La. Code Crim. P. art. 13; Fed. R. Civ. P. 6, 77. The records of this court indicate that the court and its clerk's office were closed on December 24, 2010, in observance of the weekend Christmas holiday. The court therefore considers Monday, December 27, 2010, as the final day for Major's AEDPA federal filing period.

10

Major has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300

(State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

12

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. <u>Osborne v. Boone</u>, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); <u>Brown v. Cain</u>, 112 F. Supp.2d 585, 587 (E.D. La. 2000), <u>aff'd</u>, 239 F.3d 365 (5th Cir. 2000); <u>Gerrets v. Futrell</u>, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); <u>Jones v. Johnson</u>, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); <u>Grayson v. Grayson</u>, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Major's case on December 25, 2009, the day after his conviction was final. The limitations period ran without interruption for 365 days, until December 24, 2010, or the next business day, Monday, December 27, 2010, when it expired. Major had no properly filed state post-conviction or other collateral review proceedings of any kind pending in any state court during that time period.

His first such pleading is deemed to have been submitted to the state trial court on February 14, 2011, which was more than seven weeks after the AEDPA filing period expired. A filing made, however, after the AEDPA filing period has expired does not afford him any tolling. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); see also Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely). Major's federal habeas corpus petition deemed filed on December 19, 2011, is therefore time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Abram Major for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[21]

New Orleans, Louisiana, this __10th__ day of July, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[21]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.